IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JANET CATHERINE COYNE, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>COMMISSIONER OF SOCIAL SECURITY, )<br>)<br>Defendant. )<br>) | Civil Action No. 23-857 |

O R D E R

AND NOW, this 17th day of June, 2024, upon consideration of the parties' cross-motions for summary judgment, the Court, after reviewing the Commissioner of Social Security's final decision denying Plaintiff's claim for disability insurance benefits under Subchapter II of the Social Security Act, 42 U.S.C. §§ 401 *et seq.*, finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms. *See* 42 U.S.C. § 405(g); *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153-54 (2019); *Jesurum v. Secretary of U.S. Dep't of Health & Human Servs*, 48 F.3d 114, 117 (3d Cir. 1995) (citing *Brown v. Bowen*, 845 F.2d 1211, 1213 (3d Cir. 1988)).  *See also Berry v. Sullivan*, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence, nor reverse,

merely because it would have decided the claim differently) (*citing Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981)).[1]

---

[1] Plaintiff raises several arguments as to why substantial evidence does not support the Administrative Law Judge's ("ALJ") determination. Specifically, Plaintiff argues that the ALJ committed reversible error when she failed to account for her mild limitation in concentration within the residual functional capacity ("RFC") determination. As a result, Plaintiff argues the ALJ also erred when applying this RFC and determining that Plaintiff could return to her past work as a pharmacy technician. (Doc. No. 7 at 6-10). After conducting its own careful and independent review of the record, the Court finds the Plaintiff's contentions are without merit.

The ALJ did not find any of Plaintiff's mental conditions to constitute severe impairments at Step Two of the sequential analysis. Plaintiff is nonetheless correct in her assertion that the ALJ must consider even non-severe impairments in making the RFC determination. *See* 20 C.F.R. § 404.1545(a)(2). However, the ALJ here did not fail to consider Plaintiff's non-severe mental impairments, including a mild limitation in concentration, when making the RFC determination. Indeed, the ALJ assessed Plaintiff's mild limitation in concentration in determining Plaintiff's RFC by evaluating the opinion of consultative examiner Amanda Kochan-Dewey, Psy.D., which noted a mild impairment in attention and concentration. (R. 19; Ex. 7F/3-4). The ALJ noted this opinion was consistent with the record, which showed no inpatient or outpatient specialist treatment. (R. 19). The ALJ also acknowledged Plaintiff's testimony that she had difficulty concentrating, but the ALJ appropriately found Plaintiff's testimony not fully credible. (R. 16-17); *see Horodenski v. Comm'r of Soc. Sec.*, 215 Fed. Appx. 183, 189 (3d Cir. 2007) (noting that where the ALJ has articulated reasoning supporting a credibility determination, that determination is entitled to deference). The ALJ explained that Plaintiff's complaints concerning the intensity, persistence, and limiting effects of her symptoms were not entirely consistent with the evidence of record. (R. 17-19). Therefore, in declining to include mental limitations in Plaintiff's RFC, the ALJ analyzed and considered Plaintiff's alleged concentration difficulties. This is all that is required, as the ALJ is bound only to include "credibly established impairments" within the RFC. *Rutherford v. Barnhart*, 399 F.3d 546, 554 n.8 (3d Cir. 2005). Accordingly, the ALJ adequately assessed Plaintiff's mild impairment in concentration when determining her RFC.

Plaintiff further argues that the ALJ's finding that she had a mild limitation in concentration at Step Two required a corresponding restriction in Plaintiff's RFC. (Doc. No. 7 at 8-10). However, the ALJ explained that her findings at Step Two were not an RFC assessment (R. 16), and, in any event, she found that any deficiencies in concentration did not cause any more than minimal limitations in Plaintiff's ability to work consistent with the RFC finding. (R. 19). Accordingly, to the extent that the ALJ omitted any

restrictions in the RFC accounting for this mild limitation, she did so because she did not find Plaintiff's allegations and subjective complaints of concentration issues to be fully credible. (R. 16-17); *see Rutherford*, 399 F.3d at 554 n.8 (3d Cir. 2005). Thus, the RFC determination is supported by substantial evidence.

The Court also rejects Plaintiff's argument that her mild difficulties in concentration would necessarily limit her to unskilled work, which is work at the specific vocational preparation ("SVP") level of 1-2. *See* SSR 00-4p, 2000 WL 1898704, at *3 (Dec. 4, 2000) (stating "[u]sing the skill level definitions in 20 C.F.R. 404.1568 . . . unskilled work corresponds to an SVP of 1-2."). Case law within the Third Circuit clearly shows that a restriction limiting an individual to "simple, routine tasks" or "unskilled work" is sufficient to accommodate even ***moderate*** limitations in concentration, persistence, and pace. *See, e.g.*, *Parks v. Comm'r of Soc. Sec.*, 401 Fed. Appx. 651, 655-56 (3d Cir. 2010) (holding the RFC limiting claimant to simple, unskilled work was adequate to account for moderate limitations in concentration, persistence, or pace); *McDonald v. Astrue*, 293 Fed. Appx. 941, 946-47 (3d Cir. 2008) (stating the ALJ's RFC limiting claimant to simple, routine tasks adequately accounted for claimant's moderate limitations in concentration, persistence and pace); *Menkes v. Astrue*, 262 Fed. Appx. 410, 412-13 (3d Cir. 2008) (holding that there was no error in the ALJ's RFC limiting claimant to simple routine tasks where the ALJ found claimant had moderate limitations in concentration, persistence, and pace). Plaintiff cites no binding authority suggesting that someone with merely ***mild*** difficulties in concentration would necessarily be limited to unskilled work or simple, routine tasks. Plaintiff cites only a non-binding and distinguishable case from the United States District Court for the Eastern District of Pennsylvania where the court remanded for reconsideration of claimant's mild difficulties in mental functioning and ability to perform past work at the SVP level of 5-6. *Perez-Vega v. Kijakazi*, No. 22-3994, 2023 U.S. Dist. LEXIS 90541, at *15 (E.D. Pa. May 24, 2023). Given that Plaintiff's argument is not supported by binding authority and that Plaintiff's past work in this case is at SVP level 3, the Court is unmoved by this argument.

Upon careful review, the Court is satisfied that the ALJ's RFC determination reasonably accommodated all of the limitations supported by the medical and other evidence of record as outlined in the decision. The Court finds no error in the ALJ's decision to omit additional limitations arising from Plaintiff's mild concentration difficulties. Therefore, the ALJ's findings and conclusions are supported by substantial evidence. Accordingly, the decision of the Commissioner must be affirmed.

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (Doc. No. 6) is DENIED and that Defendant's Motion for Summary Judgment (Doc. No. 11) is GRANTED.

s/Alan N. Bloch
United States District Judge

ecf:        Counsel of record